IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDEE'S CATERING, | ) |
| *Plaintiff*, | ) ) ) ) No. 20 C 2295 |
| v. | ) ) Judge Virginia M. Kendall |
| AGRI STATS, INC. et al., | ) ) |
| *Defendants.* | ) |

**MEMORANDUM OPINION AND ORDER**

On October 26, 2020, this Court, while largely upholding Plaintiff's Complaint, granted the Joint Defendant's Motion to Dismiss Plaintiff's unjust enrichment claims. The Court found that "[b]y failing to clearly state under which laws or which states Plaintiff wishes to bring its unjust enrichment claims, Plaintiff has not met its Rule 8 pleading requirements." (Dkt. 88 at 24). The Court dismissed Plaintiff's unjust enrichment claims without prejudice, giving leave to Plaintiff to amend its Complaint, which Plaintiff timely did. The Defendants now move for Judgment on the Pleadings for the unjust enrichment claims in Plaintiff's Amended Complaint. (Dkt. 91 ¶¶ 208–52). Plaintiff has brought claims under the laws of Arkansas, Arizona, the District of Columbia, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin. (*Id*.). The Court denies the Motion for Judgment on the Pleadings as to all unjust enrichment claims, except those under the laws of Florida and North Dakota, which are dismissed with prejudice.

1

## **LEGAL STANDARD**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same. *Federated Mutual Insurance Co. v. Coyle Mechanical Supply Inc.*, 983 F. 3d 307, 313 (7th Cir. 20202). "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). In order to succeed, "the moving party must demonstrate that there are no material issues of fact to be resolved." *Coyle Mechanical Supply Inc.*, 983 F.3d at 313 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). As with a motion to dismiss, the Court must determine whether the complaint states a claim to relief that is plausible on its face, drawing all reasonable inferences in the plaintiff's favor. *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (citations omitted).

## **DISCUSSION**

The alleged facts in this case have already been discussed at length in this Court's earlier Memorandum Opinion denying in part the Defendants' Motion to Dismiss. (*See* Dkt. 88 at 2–6). Therefore, the Court will focus specifically on the unjust enrichment claims. The Defendants argue generally that Plaintiff has failed to meet the pleading standards required by Fed. R. Civ. P. 8. Defendants also argue that Plaintiff has failed to state a claim under specific state laws. For the reasons discussed below, Plaintiff's unjust enrichment claims may largely proceed.

I.        **General Pleading Standard**

The Court previously dismissed Plaintiff's Unjust Enrichment claims in its Complaint because Plaintiff failed to meet the Rule 8 pleading standards. In particular, Plaintiff failed to clarify under which states it wished to bring unjust enrichment claims. Plaintiff confusingly stated in a footnote in its original Complaint that "[u]njust enrichment claims are alleged herein under the laws of the states for which claims are alleged in Counts Two and Three above," and only outlined the basic elements of an unjust enrichment claim with no distinction between the various state laws. (Dkt. 1 at p. 76 n. 15). The Court found that Plaintiff's Complaint failed "to account for any consequential differences that may exist among the undifferentiated state-law claims. The bald assertion that the alleged antitrust conduct violates dozens of non-antitrust laws, or the implication that there are no consequential differences between those laws, is not entitled to deference, because 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." (Dkt. 88 at 25 citing *In re Opana ER Antitrust Litig.*, 162 F. Supp. 3d 704, 726 (N.D. Ill. 2016) (internal citations omitted)).

Defendants now argue that Plaintiff has failed to cure the earlier defects. Plaintiff, however, has followed the Court's instruction and has separated out its state law unjust enrichment claims, clarifying under which state laws they wish to bring its claims. Defendant faults Plaintiff for repeating language across the unjust enrichment claims of various jurisdictions, seeking to require Plaintiff to further differentiate their claims. This is more than the pleading standards require. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Second, the factual allegations in the complaint must be sufficient to

raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Here, while Plaintiff may repeat key language throughout the unjust enrichment claims, the Amended Complaint nonetheless meets the Rule 8 pleading standards. It informs Defendants of the cause of action, provides a factual basis for the claim, and raises the possibility of relief. A complaint must be "read sensibly and as a whole," *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013), and while there are repetitions in the Amended Complaint, that may be more a result of the similarities of unjust enrichment laws across jurisdictions, than any pleading deficiencies on the part of Plaintiff. When viewing the Complaint as a whole and reading the unjust enrichment claims together with the factual background, the Complaint adequately alleges unjust enrichment claims across various jurisdictions. The Court denies dismissal on this ground.

**II.      State-Specific Claims**

Having declined to dismiss on general pleading standards, the Court will now review the merits of state-specific claims. Defendants argue that: (1) unjust enrichment is not a standalone basis for recovery in Mississippi and New Hampshire; (2) Plaintiff has not alleged that it conferred a "direct benefit" as required under the laws of Arizona, Florida, Maine, Michigan, North Carolina, North Dakota, Rhode Island, and Utah; (3) Sandee's has failed to allege a duty owed to it by Defendants as required under South Carolina law; and (4) Sandee's fails to allege that it lacks an adequate remedy at law as required under the laws of Arizona, Kansas, Minnesota, Nebraska, Nevada, New Hampshire, North Dakota, South Dakota, Tennessee, and Utah. The Court grants

4

the dismissal as to Florida and North Dakota, but otherwise will allow the unjust enrichment claims to proceed.

### A.  Unjust Enrichment Forms a Standalone Basis for Recovery (MS & NH)

Defendants first argue that unjust enrichment does not form a standalone basis for recovery in Mississippi and New Hampshire.  As to Mississippi, the authority on whether an unjust enrichment claim may form a standalone basis for recovery is split.  As discussed in a similar antitrust case, "with respect to Mississippi, there is considerable authority that supports the existence of an independent state law claim for unjust enrichment." *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp.2d 867, 913 (E.D. Pa. 2012); *see also In re Loestrin 24 FE Antitrust Litig*, 410 F.Supp.3d 352, 381 (D. R.I. 2019) ("A simple search yields many cases out of the Mississippi Supreme and Appellate Courts within the past decade recognizing unjust enrichment as a cause of action under Mississippi law.").

Yet, while this view is more popular, other courts have reached the opposite conclusion. One court in this district analyzed the issue and found that "'[u]nder Mississippi law, unjust enrichment is not an independent theory of recovery.'  Such a claim 'depends upon a showing of some legally cognizable wrong.'"  *See In re Potash Antitrust Litig.*,  667 F. Supp. 2d 907, 948 (N.D. Ill. 2009), *aff'd sub nom. Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (citing *Cole v. Chevron USA*, 554 F.Supp.2d 655, 671–73 (S.D.Miss.2007).  In *In re Potash*, the Court dismissed the unjust enrichment claim, finding that the indirect purchaser plaintiffs had failed to allege *any* legally cognizable Mississippi claim and therefore could not bring a Mississippi claim.  *Id.  In re Potash* is distinguishable because here, Plaintiff has made out an antitrust claim under Mississippi laws.  (*See* Dkt. 88 at 16 – 17, upholding Plaintiff's Mississippi state antitrust claim).  As *In re Potash* is distinguishable, and because more recent cases have  also

held that unjust enrichment is a standalone claim in Mississippi, the Court denies the motion to dismiss Plaintiff's Mississippi unjust enrichment claim.

Defendants' sole authority that New Hampshire does not allow unjust enrichment as a standalone basis for recovery is equally unpersuasive. That case, *Gen. Insulation Co. v. Eckman Constr.*, 992 A.2d 613, 621 (N.H. 5 2010), while surveying the law, stated that "…unjust enrichment *generally* does not form an independent basis for a cause of action [under New Hampshire law]." (citations omitted) (emphasis added). However, other cases have found an exception for indirect purchaser plaintiffs to bring unjust enrichment claims in New Hampshire as standalone claims. *See In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 767 (E.D. Pa. 2014) (finding that "courts have allowed indirect purchasers to bring parasitic unjust-enrichment claims based on defendants' violations of New Hampshire's consumer-protection statutes*"*); *In re Chocolate Confectionary Antitrust Case*, 749 F. Supp. 2d 224, 240 (M.D. Pa. 2010) (hereinafter "*Chocolate Confectionary*") (rejecting dismissal of indirect purchasers' unjust enrichment claim under New Hampshire law, although finding it may later prevent the plaintiffs from pursuing both equitable and legal recourse for the alleged consumer protection injuries, it imposes no such restriction at the pleading stage.). The Court denies the motion to dismiss Plaintiff's New Hampshire unjust enrichment claims.

### B. Plaintiff Sufficiently Alleged that It Conferred a "Direct Benefit" on Defendants as Required Under the Laws of Eight States

Defendant also challenges Plaintiff's unjust enrichment claims for Arizona, Florida, Maine, Michigan, North Carolina, North Dakota, Rhode Island, and Utah for failing to sufficiently allege that it conferred a "direct benefit" on Defendants. At issue is the fact that Plaintiff is an indirect purchaser of Defendants' products. *See* Dkt 91 ¶ 38 (alleging that Sandee's "purchased turkey . . . once or more, other than directly from Defendants"). Defendants claim this is not an

6

alleged direct benefit for the purposes of these states' laws. The Court will look at each state in turn.

### i. Arizona

Defendant cites one case for the proposition that Plaintiff must allege a "direct benefit:" *Brown v. Pinnacle Restoration LLC*, No. 1 CA-CV 12-0550, 2013 WL 3148654, at *2-*3 (Ariz. Ct. App. June 18, 2013). However, this case did not hold that Plaintiff need allege a "direct benefit," instead stating that a claim for unjust enrichment requires a showing that the defendant "received a benefit and [that] it is unjust that [the defendant] retain that benefit without being required to compensate plaintiff for the value received." *Id.* The case found a benefit was conferred, although it was not directly to the Defendant, which is in line with Sandee's position. Other cases have held similarly. *See In re Auto. Parts Antitrust Litig.*, 50 F. Supp. 3d 836, 864-65 (E.D. Mich. 2014) (under Arizona law the "critical inquiry [i]s not whether the benefit is conferred directly on the defendant, but whether the plaintiff can establish the relationship between his detriment and the defendant's benefit 'flow from the challenged conduct'"); *In re Packaged Seafood Products Antitrust Litig.*, 242 F.Supp.3d 1033, 1089 (S.D. Cal. 2017) (hereinafter "*Packaged Seafood Products*") (Finding no authority that supports the proposition that Arizona's unjust enrichment statute requires a direct benefit and concluding it is not a requirement). The Court declines to dismiss this claim.

### ii. Florida

The Florida Supreme Court recently clarified that "to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017). Other cases post-dating *Kopel* have upheld this rule accordingly. *See Packaged Seafood Products*, 242 F. Supp. 3d at 1090; *South Broward Hospital District v. ELAP*

7

*Services, LLP*, 20-cv-61007-SINGHAL, 2020 WL 7074645, *6 (S.D. Fla. Dec. 3, 2020). All of Plaintiff's cited authority pre-date *Kopel* when there was more ambiguity and are no longer interpreting current Florida law. This claim is dismissed with prejudice.

### iii. Maine

Defendants cite one case for the proposition that Maine law requires a showing of a "direct benefit" to bring an unjust enrichment claim: *In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2010 WL 1416259, at *2- 3 (N.D. Ill. Apr. 1, 2010). Few other cases have held similarly. *See e.g. In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-MD-02042, 2013 WL 1431756, at *25 (E.D. Mich. Apr. 9, 2013) (relying on *In re Aftermarket Filters* to dismiss Maine unjust enrichment claim after cursory discussion); *Rivers v. Amato*, No. CIV. A. CV-00-131, 2001 WL 1736498 (Me. Super. Ct. June 22, 2001) ("No authority can be found for this 'indirect benefit' theory, which is, in any case, based on speculation."). *Packaged Seafood Products* discussed these cases skeptically but only decided to dismiss because the plaintiff failed to cite any support to deny dismissal. *Packaged Seafood Products*, 242 F.Supp.3d at 1090–91 (discussing how Maine's unjust-enrichment law does not appear to require conferral of a direct benefit but dismissing because plaintiff failed to cite any cases to the contrary).

Here, however, Plaintiff has cited authority that discusses these cases at length and determines that Maine's unjust enrichment laws do not require a showing of a direct benefit. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M-07-1827 SI, 2011 WL 4501223, at *10-11 (N.D. Cal. Sept. 28, 2011) (upholding indirect purchaser Maine unjust enrichment claim and discussing *Rivers* before finding it unpersuasive); *Chocolate Confectionary*, 749 F. Supp. 2d at 243 (upholding indirect purchaser unjust enrichment claims and finding that there was not "any specific authority holding that an indirect purchaser may not measure its recovery by the

8

defendant's illicit benefit"). In light of this, Plaintiff's authority is more compelling. The Court denies the motion to dismiss as to Maine.

### iv. Michigan

Defendants cite *A & M Supply Co. v. Microsoft Corp.*, No. 274164, 2008 WL 540883, at *2 (Mich. Ct. App. Feb. 28, 2008), for the proposition that Michigan requires a direct benefit be alleged. *A & M Supply Co.* was discussed by the court in *Packaged Seafood Products*, 242 F. Supp 3d at 1091, which referred to it as "an unpublished Michigan appellate case upholding a denial of amendment for non-unjust-enrichment-specific reasons, and concluding in the alternative that the trial court's dismissal was proper because in the context of indirect-purchaser suit "the unjust enrichment doctrine does not apply...." (internal citations omitted). And as discussed by the *Packaged Seafood Products* court, the Michigan Supreme Court has explicitly allowed at least one unjust enrichment claim based on conferral of an indirect benefit. *Id.* (citing *Kammer Asphalt Paving Co. v. E. China Twp. Sch.*, 443 Mich. 176, 504 N.W.2d 635, 641 (1993)).

Not to mention, *Packaged Seafood Products* is not the only case to allow a Michigan unjust enrichment case to proceed, despite an indirect benefit. *See In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1020-21 (E.D. Mich. 2014); *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*, 64 F.Supp.3d 665, 706 (E.D. Pa. 2014). The Court denies the motion to dismiss this claim.

### v. North Carolina

Defendants further argue that North Carolina requires the conferral of a direct benefit. Defendants cite one unpublished opinion from the North Carolina Court of Appeals that states the "Court has limited the scope of a claim of unjust enrichment such that the benefit conferred must be conferred directly from plaintiff to defendant, not through a third party." *Baker Constr. Co. v.*

9

*City of Burlington*, No. COA09-13, 2009 WL 3350747, at *6 (N.C. Ct. App. Oct. 20, 2009). However, as discussed by the court in *Packaged Seafood Products*, many Courts disagree with this interpretation, and the North Carolina Supreme Court has never adopted the direct benefit language. 242 F. Supp 3d at 1091-92 (citations omitted). Allowing indirect benefit claims to proceed under North Carolina unjust enrichment law is the majority view. *See e.g. In re Processed Egg Products Antitrust Litig.*, 851 F.Supp.2d 867, 930–32 (E.D. Pa. 2012) (conducting thorough analysis of North Carolina law and concluding same); *In re Lidoderm Antitrust Litig.*, 103 F.Supp.3d 1155, 1178 (N.D. Cal. 2015) (same). The Court denies dismissal of this claim.

    **vi.    North Dakota**

Defendants cite one case, *McColl Farms, LLC v. Pflaum*, 837 N.W.2d 359, 367 (N.D. 2013) to argue that North Dakota requires pleading a direct benefit. The bulk of the authority supports Defendants' position that that indirect purchaser allegations are insufficient to establish a "direct benefit" under North Dakota law. *See, e.g., In re Lidoderm*, 103 F.Supp. 3d at 1179; *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F.Supp.2d 198, 235 (S.D.N.Y.2012) ("Plaintiffs have not and cannot plead a direct benefit of the kind that North Dakota law requires—in other words, something akin to an arms-length transaction between the Indirect Purchaser Plaintiffs and Defendants is required to state a claim."); *In re TFT–LCD (Flat Panel) Antitrust Litig.*, 599 F.Supp.2d at 1191 (finding that the "broader language of *Apache* suggests that a 'direct benefit' is required under North Dakota law..."); *In re Relafen Antitrust Litig.*, 225 F.R.D. 14, 28 (D.Mass. 2004) ("Here, the benefits that SmithKline received were obtained most directly from wholesalers, who, in turn, obtained benefits from end payors. Because [North Dakota] precedent casts doubt on the end payors' unjust enrichment claims," they were dismissed). The one recent case that Plaintiff cites, *In re Auto. Parts Antitrust Litig.*, No. 12-md-02311, 2014 WL 2993753,

at *35 (E.D. Mich. July 3, 2014), does not directly discuss whether pleading a direct benefit is required. Given this, Plaintiff's North Dakota's claims are dismissed.

### vii. Rhode Island

The majority of cases the Court has reviewed have found that Rhode Island does not require a conferral of a direct benefit to state an unjust enrichment claim. *Packaged Seafood Products*, 242 F. Supp 3d at 1092 (finding the one case cited by the defendants did not support this proposition and encountering no cases to the contrary); *In re Loestrin 24 FE Antitrust Litig.*, 410 F.Supp.3d at 383 (finding Rhode Island does not require pleading a direct benefit and in the few cases cited by the defendant did not support the proposition); *In re Auto. Parts Antitrust Litig.*, 50 F. Supp.3d at 898 (same)*; In re TFT–LCD (Flat Panel) Antitrust Litig.*, M 07–1827 SI, 2011 WL 4501223 (N.D. Cal. Sept. 28, 2011) (same). Defendants here have only cited *Alessi v. Bowen Court Condo.*, No. 03-0235, 2010 WL 897246, at *4 (R.I. Super. Ct. Mar. 10, 2010), but in this case the question was whether any benefit was conferred, not whether it was conferred indirectly. *See In re Loestrin 24 FE Antitrust Litig.*, 410 F.Supp.3d at 383 (discussing *Alessi* and finding it does not support the proposition that Rhode Island requires a direct benefit). The Court denies the motion to dismiss this claim.

### viii. Utah

Finally, the Court declines to dismiss Plaintiff's Utah unjust enrichment claim for failure to allege a direct benefit. Defendants' cite one case, *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015), for this proposition. It is true that a long line of Utah cases have held that there must be a "direct benefit." *See Concrete Prod. Co., a Div. of Gibbons & Reed v. Salt Lake Cty.*, 734 P.2d 910, 911–12 (Utah 1987 (finding a third-party unjust enrichment claim was impermissible, in part, because "[n]o direct benefit...[wa]s present....").

However, these cases have not distinguished between a direct and indirect benefit, and instead have only distinguished a direct and <u>incidental</u> benefit. *Emergency Physicians Integrated Care v. Salt Lake Cty.*, 167 P.3d 1080, 1086 (Utah 2000) ("While unjust enrichment does not result if the defendant has received only an incidental benefit from the plaintiff's service,…this court has found that a large variety of items fall under the definition of 'benefit,' including an 'interest in money, land, chattels, or choses in action; beneficial services conferred; satisfaction of a debt or duty owed by [the defendant]; or anything which adds to [the defendant's] security or advantage.'" (citations omitted) (alterations in original)); *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998) ("Nor are services performed by the plaintiff for his own advantage, and from which the defendant benefits incidentally, recoverable."). Other district courts that have confronted this issue have found similarly, deciding that the antitrust injury alleged was a direct, and not incidental benefit under Utah law. *See e.g. Packaged Seafood Products*, 242 F. Supp. 3d at 1092–93; *In re Processed Egg Antitrust Litig.*, 851 F.Supp.2d at 932; *In re Auto. Parts Antitrust Litig.*, 29 F.Supp.3d at 1027–28. Without any persuasive authority that directly decides whether an indirect benefit may proceed, the Court denies the motion to dismiss this claim.

**C.     Alleging a Duty Is Not Required Under South Carolina Unjust Enrichment Law**

Defendants additionally argue that Sandee's claim for unjust enrichment under South Carolina law should be dismissed because it does not allege that any Defendant owed it a duty. The basic requirements for an unjust-enrichment claim under South Carolina law are: "(1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by defendant of the benefit under conditions that make it inequitable for him to retain it without paying its value." *Ellis v. Smith Grading & Paving, Inc.*, 294 S.C. 470, 366 S.E.2d 12, 15 (S.C. App. 1988). Defendants cite three cases to support their contention: *In

12

*re Microsoft Corp. Antitrust Litig.*, 401 F. Supp.2d 461, 464 (D. Md. 2005) (applying South Carolina law and dismissing the unjust enrichment claim for failing to "establish the existence of a duty owed to him or her by the defendant"); *Pitts v. Jackson Nat'l Life Ins. Co.*, 574 S.E.2d 502, 511-12 (S.C. Ct. App. 2002) (denying unjust enrichment where Plaintiff "failed to establish any duty to disclose"); and *Ellis*, 366 S.E.2d at 15 (finding trial court should have granted motion to dismiss based on failure to allege a breach by the defendant of "a duty giving rise to a quasi-contractual right to restitution").

However, the majority of cases the Court has found have ruled that a duty need not be alleged and have squarely rejected Defendants' interpretation of their cited cases. *See e.g. In re Auto. Parts Antitrust Litig.*, 29 F.Supp.3d at 1026 (finding there is no requirement to allege the existence of a duty under South Carolina law and distinguishing *Ellis*); *In re Pork Antitrust Litig.*, Civil Nos. 18-1776, 19-1578, and 19-2723 (JRT/LIB), 2020 WL 6149666, *29 (D. Minn. Oct. 20, 2020) (finding duty is not owed under South Carolina and finding *In re Microsoft Corp. Antitrust Litig.* and *Pitts* were based upon a misinterpretation of South Carolina law); *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours and Co.*, No. 13–cv–01180–BLF, 2015 WL 4755335, *30 (N.D. Cal. Aug. 11, 2015) (discussing *Pitts* and finding no requirement to allege duty in South Carolina law); *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, No. 1:14–md–2508, 2015 WL 5166014, *37 (E.D. Tenn. June 24, 2015) (discussing *Ellis*, *Pitts*, and *In re Microsoft Corp. Antitrust Litig* and deciding that alleging a duty is not a requirement in South Carolina to state an unjust enrichment claim) . The thorough analysis of South Carolina unjust enrichment law performed by these courts is persuasive. The Court denies the motion to dismiss Plaintiff's South Carolina unjust enrichment claim.

### D. Sandee's Does Not Need to Allege That It Lacks an Adequate Remedy at Law Under the Laws of Ten States

Finally, Defendants move for judgment on the pleadings arguing that Sandee's fails to allege that it lacks an adequate remedy at law as required under the laws of ten states: Arizona, Kansas, Minnesota, Nebraska, Nevada, New Hampshire, North Dakota, South Dakota, Tennessee, and Utah. The Court need not analyze each state's laws. Other Courts that have confronted this identical argument have refused to dismiss on these grounds at the pleading stage, finding that Rule 8(d)(2)'s permissiveness allows for pleading in the alternative. *In re Pork Antitrust Litig.*, 2020 WL 6149666, at *29 (discussing how courts have affirmed a plaintiff's right to plead unjust enrichment as an alternative to other legal remedies); *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D.Pa. 2019) (refusing to dismiss plaintiff's unjust enrichment claim because it failed to specifically allege a lack of legal remedy, citing Rule 8(d)(2)'s "permissiveness" of pleading in the alternative); *In re Auto. Parts Antitrust Litig.*, 50 F.Supp.3d at 867 (collecting cases and finding pleading in the alternative viable at the dismissal stage); *In re Santa Fe Natural Tobacco Co. Marketing & Sales Practices & Product Liability Litig.*, 288 F.Supp.3d 1087, 1258 (D. N.M. 2017) (collecting cases and finding under Rule 8(d), the Court would not dismiss the Plaintiffs' equitable claims at this stage because Rule 8(d)(3)'s plain language allows them); *In re Dial Complete Marketing and Sales Practices Litig.*, No. 11–md–2263–SM, 2013 WL 1222310, at *8–9 (D. N.H. Mar. 26, 2013) ("[C]onsistent with Federal Rules, Plaintiffs have simply pled their claims in the alternative ... the mere fact that plaintiffs have pled arguable inconsistent theories is not, standing alone, a sufficient basis to dismiss one of those claims."); *In re Light Cigarettes Marketing Sales Practices Litig.*, 751 F.Supp.2d 183, 192 (D. Me. 2010) ("At this stage, the Plaintiffs may assert multiple and duplicative legal and equitable claims for relief."); *Los Gatos Mercantile, Inc.*, 2015 WL 4755335, at *29 (Plaintiff did not dispute that

14

states laws in question provided for an unjust enrichment recovery only when there is no available remedy at law but Court found that the unjust enrichment claims may proceed in the alternative).

In the alternative, other courts that have looked at whether an adequate remedy is a requisite under the above states' laws have found this unavailing. *In re Auto. Parts*, 29 F.Supp.3d at 1015–28 (finding that pleading a lack of adequate remedy at law not required for Arizona, Massachusetts, Minnesota, North Dakota, and Tennessee); *Unicredit Bank AG v. Bucheli*, No. 10-2436-JWL, 2011 WL 4036466, at *3 (D. Kan. Sept. 12, 2011) (declining to dismiss an unjust enrichment claim for Kansas and noting that *Nelson v. Nelson*, 288 Kan. 570, 597 (2009), Defendants' cited case, "does not include as an element the lack of an adequate legal remedy"); *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp.2d 380, 429 (E.D. Pa. 2010) (declining to dismiss Minnesota, Nevada, and North Dakota unjust enrichment claims for failure to plead an adequate remedy at law); *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1124 (D. Nev. 2007) (declining to dismiss Nebraska unjust enrichment claim when pled in alternative); *Chocolate Confectionary*, 749 F. Supp.2d at 240 (declining to dismiss New Hampshire unjust enrichment claim pled in the alternative "[a]lthough this may later prevent the IEU plaintiffs from pursuing both equitable and legal recourse for the alleged consumer protection injuries, it imposes no such restriction at the pleading stage"); *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp.2d at 915 ("[T]he absence of an adequate remedy at law is not an element of the prima facie case for unjust enrichment under the laws of 9 of the jurisdictions at issue—Florida, Massachusetts, Minnesota, Nevada, New Mexico, North Carolina, South Dakota, Utah, and Vermont."). The Court denies the motion to dismiss Sandee's unjust enrichment claims under the laws of Arizona, Kansas, Minnesota, Nebraska, Nevada, New Hampshire, North Dakota,

South Dakota, Tennessee, and Utah because of Rule 8's permissive pleading standards and because pleading an adequate remedy at law is not a required element of the states' laws.

## CONCLUSION

For the foregoing reasons, the Court denies the Defendants' Motion for Judgment on the Pleadings [Dkt. 108] as to all unjust enrichment claims, except for those pled under the laws of Florida and North Dakota, which are dismissed with prejudice.

                                                                                          _____
Virginia M. Kendall
United States District Judge

Date: March 15, 2021