UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDEE'S BAKERY d/b/a SANDEE'S CATERING BAKERY & DELI AND GNEMI, LLC d/b/a LOGAN FARMS,<br><br>Plaintiffs,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>Defendants. | No. 1:20-cv-02295<br><br>Hon. Virginia M. Kendall |

**ORDER GRANTING COMMERCIAL AND INSTITUTIONAL
INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT WITH TYSON DEFENDANTS AND
PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS**

The Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") Sandee's Bakery d/b/a Sandee's Catering Bakery & Deli and Gnemi, LLC d/b/a Logan Farms seek the Court's preliminary approval of the settlement of their claims against Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and the Hillshire Brands Company (collectively "Tyson").

Upon consideration of the filings, record, and applicable legal authority and having carefully reviewed the CIIPPs' Motion for Preliminary Approval of Proposed Settlement with Tyson and Provisional Certification of Settlement Class ("Motion"), it is hereby **ORDERED** as follows:

1.   The Motion is hereby **GRANTED**.

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the settlement agreement between CIIPPs and Tyson ("Settlement Agreement").

3. The Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

4. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement Agreement was negotiated and entered into at arm's length by experienced counsel, raises no obvious reasons to doubt its fairness, and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes ("Settlement Class"):

> All commercial and institutional purchasers in the United States and its territories that purchased turkey, once or more, other than directly from Defendants, entities owned or controlled by Defendants, or other producers of turkey, from January 1, 2010 to January 1, 2017. Excluded from the Nationwide Class are the Court and its personnel, and any Defendants and their parent or subsidiary companies.

This class definition is in all material respects the same class proposed in the CIIPPs' Second Amended Class Action Complaint (Dkt. No. 133) and the Settlement Agreement. (*See* Settlement Agreement, ¶ 5).

2

6. The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class members are so numerous that joinder is impracticable; (b) CIIPPs' claims present common issues and are typical of the Settlement Class; (c) the CIIPP named representatives and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the named representative CIIPPs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis is superior to other means of resolving the matter.

7. The Court appoints Blaine Finley (Cuneo Gilbert & LaDuca, LLP) and Sterling Aldridge (Barrett Law Group, P.A.) as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

8. Each CIIPP class representative named in the most current Complaint in the above case will serve as a CIIPP class representative on behalf of the Settlement Class.

9. The Court hereby sets the below schedule for approval of a notice plan, the dissemination of notice to potential members of the Settlement Class, for members of the Settlement Class to object to or exclude themselves from the Settlement Agreement, and for the Court's Final Approval Hearing, at which time the Court will determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. This Court may order the Final Approval Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Settlement Class Members. Pursuant

to any applicable orders relating to the COVID-19 emergency or otherwise, the Final Approval Hearing may take place remotely, including via telephone or video conference.

| DATE | EVENT |
|---|---|
| Within 60 days after entry of the preliminary approval order | Co-Lead Counsel will move the Court to approve a program to notify members of the Settlement Class of this Settlement with Tyson |
| Within 30 days after the entry of an order approving the proposed notice plan | Settlement Administrator to commence providing notice |
| 60 days after the commencement of the Notice | Last day for Settlement Class Members to request exclusion from the Settlement Class; for Settlement Class Members to object to the Settlement; and for Settlement Class Members to file notices to appear at the Final Approval Hearing |
| 7 days after last day to request exclusion from Settlements | Co-Lead Counsel to provide Tyson with a list of all persons and entities who have timely and adequately requested exclusion from the Settlement Class |
| 14 days before the Final Approval Hearing | Co-Lead Counsel shall file a motion for final approval of the Settlement and all supporting papers, and Co-Lead Counsel and Tyson may respond to any objections to the proposed Settlement |
| 40 days after the last day to request exclusion from the Settlement, or as soon thereafter as may be heard by the Court | Final Approval Hearing for the Settlement |

10.     The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

11.     After notice has been disseminated, potential members of the Settlement Class: (1) who wish to exclude themselves from the Settlement Agreement will be required to submit an appropriate and timely request for exclusion, (2) who wish to object to the Settlement Agreement will be required to submit an appropriate and timely written statement of the grounds for the objection, or (3) who wish to appear in person to be heard or object to the Settlement Agreement will be required to submit an appropriate and timely request to appear. The directions for exercising

4

these options will be set forth in the notice documents and the Court's Order regarding the Notice Motion.

12. If the Settlement Agreement is not granted Final Approval following the Fairness Hearing or is cancelled or terminated pursuant to Paragraph 20 of the Settlement Agreement, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo and rights of CIIPPs, Tyson, and the members of the Settlement Class. The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to the settlement not becoming final.

13. Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Tyson or of the truth of any of CIIPPs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of Tyson's defenses.

14. The Court approves the establishment of the Settlement Fund described at Paragraph 11 of the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement and subject to any necessary Court approval, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

15. The litigation against Tyson Released Parties (as defined in the Settlement Agreement with Tyson) is stayed except to the extent necessary to effectuate the Settlement Agreement.

Dated: July 28, 2021

_____
HON. VIRGINIA M. KENDALL
U.S. DISTRICT JUDGE